1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| *RAUL CHAVEZ,* | ) | 1: 02 - CV - 6545  AWI |
| | ) | |
| **Petitioner**, | ) | |
| | ) | **ORDER DENYING** |
| **v.** | ) | **PETITIONER'S MOTION FOR** |
| | ) | **RELIEF FROM FINAL** |
| *UNITED STATES OF AMERICA*, | ) | **JUDGMENT** |
| | ) | |
| **Respondent**. | ) | [Document #3] |
| | ) | |
| _____ | ) | |

17

**BACKGROUND**

18  Petitioner Raul Chavez ("Petitioner") was convicted in 2000 by jury trial of conspiracy to

19  manufacture, distribute and possess, with intent to distribute, methamphetamine. Doc. 1 at 1.

20  Petitioner filed a motion to vacate his sentence on Dec. 10, 2002, pursuant to 28 U.S.C. § 2255.

21  The court considered evidence pertaining to Petitioner's cell phone, which Petitioner alleged had

22  been excluded at trial, as well as Petitioner's claims of ineffective assistance of counsel and the

23  United States' knowing use of perjured testimony.  After review, the court denied Petitioner's

24  motion in June 2003. Doc. 1.  Petitioner filed the instant motion for relief from final judgment

25  pursuant to Fed. R. Civ. P. 60(b) on June 4, 2012.

26

27

28

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a "reasonable time;" motions based on reasons in subsections (1)-(3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*. Rule 60(b)(6) allows courts to grant motions outside the one-year time limit in the presence of "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950).  The Supreme Court has said that such circumstances "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioner has not alleged that the judgment is void or has been satisfied; therefore he may only pursue the motion under Rule 60(b)(6). To obtain relief under Rule 60(b)(6), "[t]he party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Nguyen v. Lamarque*, 203 Fed. Appx. 762, 763-764 (9th Cir. 2006) (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).  Petitioner offers no explanation for the nine-year delay between the court's order denying Petitioner's habeas petition to the time he filed the instant motion.  Petitioner also does not offer new facts, evidence or law that might justify this late re-opening of his case.  Indeed, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441, 263 U.S. App. D.C. 300 (D.C.Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460

(9th Cir. 1983) (en banc).

Because Petitioner fails to offer any reason for his long delay in filing the pending motion, provides no extraordinary circumstances to justify his motion under 60(b)(6), and offers no new or different facts or circumstances from those offered in his habeas petition, Petitioner's motion for relief from final judgment will be denied.

**CONCLUSION AND ORDER**

For the foregoing reasons, Petitioner's Motion for Relief from Final Judgment, pursuant to Fed. R. Civ. P. 60(b), is DENIED.

IT IS SO ORDERED.

Dated:   June 29, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

3